DECISION
In considering a Motion for New Trial, the trial justice acts as a 7th juror and exercises his independent judgment and reviews the evidence in light of his charge to the jury, passing on the weight of the evidence and the credibility of the witnesses. If he concludes that the evidence is so evenly balanced that reasonable minds could differ, he must approve the verdict even if he were to have doubts about its correctness. If, however, the trial justice concludes the jury's verdict is against the fair preponderance of the evidence, he must grant the Motion for New Trial.
In the circumstances of the case, the Court instructed the jury on the count of negligence, having granted the defendant's motions for judgment as a matter of law on the counts of breaches of warranties and breach of contract. As part of her Motion for a New Trial, the plaintiff argues that the Court erred as a matter of law in granting said motions. Thus, it is required I consider whether the Court did err in dismissing those counts.
Count 2 claims the pesticides were sprayed in a dangerous and defective manner and, as a result of defective workmanship, the plaintiff suffered injuries. The uncontradicted testimony from the plaintiff and her husband is that the pesticides did accomplish their intended purpose; the spraying did result in the removal of the carpenter ants. Further, the plaintiff claims the defendant failed to warn of the dangers of said chemicals to the general public. However, there was no evidence presented which would support the assertion that the pesticides used were in fact dangerous to anyone!
On Count 4, the plaintiff in her argument concedes that the court was not in error in granting the defendant's motion for judgment as a matter of law on her claim that defendant breached its warranty that the materials used and methods used were dangerously defective.
On Count 3 claiming that the defendant breached express warranties, the evidence presented — particularly from the testimony of the plaintiff and her husband — is that they did not buy pesticides; — they contracted with the defendant Lincoln Pest Control to service their need to rid their home of carpenter ants. The U.C.C. applies to the sale of goods. It does not apply to a contract to provide services such as were purchased here. Further, as counsel for the defendant argues, it is illegal for anyone to sell pesticides, except to an authorized dealer, which status the plaintiff does not enjoy.
On the breach of contract claim (Count 5), there is not a scintilla of evidence that the defendant breached its contract with the plaintiff. On the contrary, the plaintiff testified that the defendant did the work contracted for and that the plaintiff was happy with their work.
On the single count presented to the jury — whether the defendant was negligent under the circumstances presented — the jury in response to interrogatories propounded to it responded "NO."
The critical issue to first be determined was whether any information was communicated by the plaintiff to the defendant's employees that she had an allergy to the product being used and that, armed with this information, the defendant's employees assured her that the spraying was absolutely safe. In this regard we have conflicting testimony: that of plaintiff and that of her neighbor who applied the pesticides for Lincoln Pest Control.
Reasonable minds could differ. The jury apparently chose to believe the defense witnesses. Frankly, so did I.
Motion for New Trial denied.